TEXAS & PACIFIC RAILWAY COMPANY V.
GEORGE LANGSDALE.

No. 737.

Jurisdiction of Supreme Court.

Dissent of one of the judges of a Court of Civil Appeals is only a ground for writ of error in cases of which the Court of Civil Appeals does not have final jurisdiction ...................................................... 513

APPLICATION for writ of error to Court of Civil Appeals for Fifth District, in an appeal from County Court of Bowie County.

*Horace W. Vaughan,* for application.

GAINES, ASSOCIATE JUSTICE.—This is an application for a writ of error to reverse a judgment of the Court of Civil Appeals, rendered upon an appeal from the County Court. The action was brought by the applicant for the writ of error to recover of the defendant railroad company a statutory penalty of $500. He recovered a judgment in the trial court, but that judgment was reversed and the cause remanded by the Court of Civil Appeals.

Section 5 of the act to organize the Courts of Civil Appeals, approved April 13, 1892, among other provisions declares, that "the judgment of the Court of Civil Appeals shall be conclusive in all cases upon the facts of the case, and a judgment of such courts shall be conclusive on facts and law in the following cases, nor shall a writ of error be allowed thereto to the Supreme Court, to wit: (1) Upon any civil case appealed from a County Court or from a District Court, when, under the Constitution, a County Court would have had original or appellate jurisdiction to try it, except in probate matters, or in cases involving the revenue laws of the State or the validity of a statute." * * * Laws 1292, p. 25. Article 1011 of the act to organize the Supreme Court, approved on the same day, provides, that "the Supreme Court shall have appellate jurisdiction coextensive with the limits of the State, which shall extend to questions of law arising in all civil cases of which the Courts of Civil Appeals have appellate but not final jurisdiction." Laws 1892, p. 19. These provisions make it clear that we have no authority to grant the writ of error.

But in order to show our jurisdiction, the applicant states that one of the judges of the Court of Civil Appeals dissented from the judgment. As a rule, we can not grant a writ of error to a judgment which reverses the judgment of the trial court and remands the cause, but article 1011a of the act last cited makes certain exceptions to that rule, among which are, "cases in which the judges of any Court of Civil Appeals may disagree." Laws 1892, p. 19. That article does not apply to cases over which section 5 of the act first cited gives

final jurisdiction to the Courts of Civil Appeals, but only to such as this court has the power to review when the judgment is either affirmed or reversed and rendered by the Court of Civil Appeals.

The application is accordingly dismissed.

*Dismissed.*

Delivered October 10, 1895.